IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| TRAVIS MOODY, | : | |
| Plaintiff | : | |
| VS. | : | |
| Sheriff ASHLEY PAULK, | : | NO. 7:06-cv-82 (HL) |
| Defendant | : | **ORDER TO SUPPLEMENT** |

Plaintiff **TRAVIS MOODY**, pretrial detainee at the Lowndes County Jail in Valdosta, Georgia, has filed a *pro se* complaint to the Court which the Clerk docketed as an action under 42 U.S.C. § 1983.

### *I. MOTION TO PROCEED IN FORMA PAUPERIS*

Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

It is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

## II. BACKGROUND

Plaintiff alleges in his statement of claim that on August 22, 2006, he was "almost beaten to death" by a mentally ill inmate named Gunter. According to plaintiff, prior to the attack, he reported to unnamed jail officials that Gunter had been threatening plaintiff and that plaintiff was in danger.

Plaintiff further alleges that the cell block in which plaintiff was confined is "very isolated" and "rarely monitored by shift officers." Plaintiff names as his sole defendant, Sheriff Ashley Paulk. The only allegation plaintiff makes against Paulk is that "jail officials acting on behalf of Sheriff Ashley Paulk did ignore the possible chance of this inmate being a safety risk."

As relief, plaintiff seeks damages for his unspecified injuries.

## III. ORDER TO SUPPLEMENT

It is well-settled that a prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment. ***Helling v. McKinney***, 509 U.S. 25 (1993); ***Estelle v. Gamble***, 429 U.S. 97 (1976). Prison administrators "are under an obligation to take reasonable measures to guarantee the safety of the inmates." ***Hudson v. Palmer***, 468 U.S. 517, 526-527 (1984). Specifically, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. ***Wilson v. Seiter***, 501 U.S. 294, 303 (1991). If a prisoner puts prison officials on notice that he is at risk of harm from other prisoners, and then suffers a harm that could have been prevented by reasonable measures, those officials may be held liable.

Upon initial review of plaintiff's complaint, the Court finds that additional information is

needed before a proper evaluation of his claims can be made. Accordingly, plaintiff is instructed to supplement his complaint to identify the specific individual jail personnel whom he alleges are responsible for the beating he suffered from Gunter. If plaintiff wishes to name these individuals, or any others, as defendants in this lawsuit, he must indicate his intention to do so in his supplemental complaint. Plaintiff should specify exactly what he said to each of the defendants (as opposed to unnamed officers or "staff") and whether he ever asked any of the defendants to separate plaintiff from Gunter. Plaintiff is further directed to explain how his named defendant, Sheriff Ashley Paulk, knew or should have known that plaintiff was in danger of assault by this inmate. Plaintiff is advised that Paulk cannot be held liable simply because other jail officials acted under Paulk's authority. ***Rogers v. Evans***, 792 F.2d 1052 (11th Cir. 1986).

Plaintiff is also instructed to state whether he was visibly injured and to list every injury sustained and whether medical treatment was needed.

Plaintiff is hereby given thirty (30) days from receipt of this order to submit a supplement to his complaint, limited to these claims only. No other claims will be considered. If plaintiff fails to respond to this order in a timely manner, this action shall be dismissed. There shall be no service of process until further order of the Court.

**SO ORDERED**, this 5th day of September, 2006.

*Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE